# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 16, 2023
Lyle W. Cayce
Clerk

No. 16-70023

Joseph Gamboa,

*Petitioner—Appellant*,

versus

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-113

---

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

Petitioner Joseph Gamboa, a capital inmate in Texas, appeals the district court's denial of his "Motion to Dismiss Counsel" during his 28 U.S.C. § 2254 federal habeas corpus proceedings. Because we cannot grant

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 16-70023

any effectual relief, Gamboa's appeal is moot, and we must dismiss it for lack of jurisdiction.

I.

The background to this case has been amply discussed elsewhere. *See Gamboa v. Davis*, 782 F. App'x 297, 298–99 (5th Cir. 2019). We briefly recount the facts as relevant here. In 2007, a Texas jury convicted Joseph Gamboa of capital murder and sentenced him to death for killing Ramiro Ayala and Douglas Morgan during a 2005 robbery at a bar in San Antonio, Texas. *Id.* at 289. Gamboa's conviction and sentence were affirmed on direct appeal, *see Gamboa v. State*, 296 S.W.3d 574 (Tex. Crim. App. 2009), and his state habeas application was denied in February 2015, *see Gamboa*, 782 F. App'x at 298.

In 2015, following his unsuccessful state habeas proceedings, Gamboa moved in federal district court for appointment of counsel to assist with his 28 U.S.C. § 2254 federal habeas petition. The district court appointed attorney John Ritenour, Jr. to represent Gamboa. Ritenour filed Gamboa's § 2254 petition in February 2016, alleging various challenges to the constitutionality of Texas's death penalty scheme. Ritenour later met with Gamboa, who allegedly expressed his displeasure with what Gamboa perceived as Ritenour's failure to investigate other issues related to the guilt and penalty phases of his capital trial. In April 2016, the State filed an answer, contending that all of Gamboa's claims were foreclosed by settled precedent and that some were also procedurally defaulted. The next month, Ritenour filed an untimely two-paragraph reply brief, conceding that each claim in Gamboa's federal habeas petition was foreclosed. *Id.* at 298–299. On June 8, 2016, Ritenour wrote to Gamboa, enclosing the reply brief and explaining his rationale for conceding that all claims were foreclosed.

No. 16-70023

Three weeks later, on June 29, 2016, Gamboa filed a *pro se* "Motion to Dismiss Counsel" wherein he requested that the district court remove Ritenour as his appointed counsel and appoint new counsel to represent him. The motion stated that "appointed counsel has failed to file the appropriate and REQUESTED ERRORS necessary to the adequate defense to the federal habeas writ pending against defendant herein." The *pro se* motion further stated that Gamboa had "lost faith in counsel and no longer trust [*sic*] counsel's advice" and that, "as a result of the attitude and performance of" appointed counsel, "there now exist [*sic*] an irreparable, antagonistic relationship between Defendant and appointed counsel." The motion, however, lacked a certificate of conference and, although it included a certificate of service, that certificate was incorrectly addressed.

On July 8, 2016, the district court struck Gamboa's motion for failing to comply with the Local Court Rules for the United States District Court for the Western District of Texas and, in the alternative, denied the motion on its merits. First, the court stated that the applicable standard for evaluating Gamboa's motion to substitute counsel was whether there was "good cause . . . for the withdrawal of counsel." The court then emphasized that the motion was filed four months after Ritenour filed the § 2254 petition, more than a month after Ritenour filed the "last operative pleading" in the case, and well after the Antiterrorism and Effective Death Penalty Act's statute of limitations had expired on Gamboa's petition. The court also observed that Gamboa had not alleged any specific facts demonstrating an actual or potential conflict of interest between himself and Ritenour nor had Gamboa identified with specificity any irreconcilable conflict between himself and Ritenour.

Responding to Gamboa's allegation that his counsel failed to assert claims that Gamboa wanted to include in his petition, the court noted that Gamboa had not "identif[ied] any non-frivolous claims for relief" that he

3

would have included in his § 2254 petition but that Ritenour failed to incorporate, and, moreover, counsel is under no duty to raise every non-frivolous claim that could be pressed. Last, the district court stated that the motion was deficient under the Local Rules because it lacked both a certificate of service and a certificate of conference.

On August 4, 2016, the district court denied Gamboa's § 2254 motion and denied a Certificate of Appealability ("COA"), determining that all of his claims were procedurally defaulted and/or foreclosed by precedent. Ritenour then moved to withdraw as counsel. The district court denied his motion without prejudice. Subsequently, Gamboa filed a *pro se* notice of appeal. The notice identified two orders that Gamboa sought to appeal—the district court's order denying his motion to dismiss counsel and the order denying his § 2254 petition.

In proceedings before this court, Ritenour again moved to withdraw, and we granted his motion. Gamboa obtained new counsel and successfully obtained a stay of proceedings in this court so that he could file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in the district court. He argued that Ritenour abandoned him, "depriving him of the quality legal representation guaranteed in his federal habeas proceedings under [18 U.S.C.] § 3599, and that the proceedings should therefore be reopened to cure that defect." *Id.* The district court denied Gamboa's Rule 60(b) motion as an unauthorized successive petition and, alternatively, denied the motion on the merits for failure to show extraordinary circumstances justifying Rule 60(b) relief. The district court also denied Gamboa a COA. Gamboa then sought a COA from this court to challenge the district court's ruling on his Rule 60(b) motion. Acknowledging that Gamboa's claims of attorney abandonment were "troubling," we denied a COA in light of binding circuit precedent. *Id.* at 301 (citing *In re Edwards*, 865 F.3d 197, 204–05 (5th Cir. 2017)).

No. 16-70023

Following our denial of a COA, the parties briefed the issue of whether the district court committed reversible error in denying Gamboa's motion to dismiss counsel and appoint substitute counsel.

## II.

On appeal, Gamboa argues that the district court applied the incorrect standard in considering his motion to appoint substitute counsel. He points out that the Supreme Court had mandated that district courts assess "the interests of justice" in considering indigent capital defendants' requests to replace appointed counsel under 18 U.S.C. § 3599(e), *see Martel v. Clair*, 565 U.S. 648, 652 (2012), but that the district court instead stated that the applicable standard was whether there was "good cause . . . for the withdrawal of counsel." Gamboa asks us to reverse the district court's denial of his motion and to remand this matter to the district court with instructions "that the case proceed with substitute counsel, as of the date of the filing" of his motion.

Before we may entertain the merits of Gamboa's appellate arguments, we must first consider our jurisdiction. Although Gamboa has not sought nor received a COA to appeal the denial of his motion to substitute counsel under 18 U.S.C. § 3599(e), a COA is not required to appeal this issue. Title 28 U.S.C. § 2253(c)(1)(A), the provision governing the issuance of a COA for state prisoners, provides that, unless a COA issues, "an appeal may not be taken" from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." The Supreme Court has observed that this provision specifically "governs final orders that dispose of the merits of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention." *Harbison v. Bell*, 556 U.S. 180, 183 (2009). By contrast, "[a]n order that merely denies a motion to enlarge the authority of appointed counsel (or that *denies a motion*

5

*for appointment of counsel*) is not such an order and is therefore not subject to the COA requirement." *Id.* (emphasis added). This includes motions to substitute appointed counsel filed under 18 U.S.C. § 3599(e). *See Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1258 (11th Cir. 2014) (explaining that "petitioner d[id] not need a COA to appeal a district court's denial of" of his "Motion for Appointment of Substitute Collateral Counsel" under 18 U.S.C. § 3599(e) because "[a]n order denying a motion for court-appointed, federal habeas counsel under [that provision] is 'clearly an appealable order under 28 U.S.C. § 1291'" (cleaned up) (quoting *Harbison*, 556 U.S. at 183)).

Though appeals from the denial of appointment of counsel do not require a COA, we must address the additional jurisdictional issue of whether the present appeal is moot.[1] "A case becomes moot . . . 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Knox v. Serv. Emps. Intern. Union Local 1000*, 567 U.S. 298, 307 (2012)). Gamboa seeks to have the district court's order denying his motion for appointment of substitute counsel reversed. But Gamboa has not been represented by Ritenour—the attorney Gamboa sought to replace—since we granted Ritenour's motion to withdraw early in the proceedings in this court. Moreover, Gamboa has had the services of substitute counsel for almost the entirety of his proceedings in this court. So, any request to merely substitute counsel at this juncture in the habeas litigation would be moot.

What Gamboa actually seeks is not simply to change counsel now; instead, he asks us to rule that the district court should have granted his motion

---

[1] "None of the parties raised" any "jurisdictional issue[s] on appeal. Of course, we 'must examine the basis of [our] jurisdiction, on [our] own motion, if necessary.'" *Hill v. City of Seven Points,* 230 F.3d 167, 169 (5th Cir. 2000) (quoting *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987)).

to appoint substitute counsel during his § 2254 proceedings before that court, which would allow him to rewind his federal habeas proceedings to the time he filed that motion. Implicit in this request is that we vacate or otherwise effectively invalidate orders that were entered after Gamboa filed his motion to substitute counsel, including, most importantly, the district court's denial of his § 2254 petition. Granting the relief he requests would, at a minimum, imply the invalidity of the order denying his petition, as it was issued following the denial of the motion to substitute counsel. But, as explained below, we are powerless to vacate or invalidate the district court's judgment denying Gamboa's federal habeas petition without first issuing a COA.

In order for us to overturn the district court's order "dispos[ing] of the merits of [his] habeas proceeding," *Harbison*, 556 U.S. at 183, Gamboa would need to appeal that order. But before he could prosecute such an appeal, he would first need to receive a COA from this court, which would then authorize his appeal. *See* 28 U.S.C. § 2253(c); *see also United States v. Davis*, 971 F.3d 524, 535 (5th Cir. 2020) (explaining that, in the context of a § 2255 motion, "a COA is a jurisdictional prerequisite to any appeal" and that this court therefore has "no judicial power to do anything without it"). And "[a] COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' Until the prisoner secures a COA, the Court of Appeals may not rule on the merits of his case." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal citation omitted) (quoting 28 U.S.C. § 2253(c)(2)).

The district court denied Gamboa a COA on the denial of his § 2254 petition. Foreseeing that a COA would be required to grant his request that we vacate this denial in order to deliver relief on his motion to substitute counsel, Gamboa asks in the alternative that we construe his September 12, 2016 Notice of Appeal as a request for a COA. Federal Rule of Appellate Procedure 22(b)(2) permits this. However, we decline to grant a COA because no reasonable jurist would find the district court's decision here

debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). As Gamboa concedes, the claims that attorney Ritenour raised in Gamboa's petition were generic, broadside constitutional challenges entirely foreclosed by precedent. He is correct that "none of the claims contained in appointed counsel's petition would qualify for a COA."

Instead, Gamboa argues that the district court's erroneous denial of his motion to substitute counsel had the consequence of depriving Gamboa of a meaningful opportunity to be heard on his petition in violation of due process. While it is true that there is a due process right to counsel of one's choice, *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147–48 (2006), and this is at least partly rooted in the fundamental right to be heard, *Gandy v. Alabama*, 569 F.2d 1318, 1320 (5th Cir. 1978) (citing *Powell v. Alabama*, 287 U.S. 45, 68–69 (1932)), this constitutional right typically does not extend to situations in which counsel is court-appointed, *Gonzalez-Lopez*, 548 U.S. at 151; *cf. Carlson v. Jess*, 526 F.3d 1018, 1025 (7th Cir. 2008) ("[M]otions for substitution of *retained* counsel and for a continuance can implicate both the Sixth Amendment right to counsel of choice and the Fourteenth Amendment right to due process of law.") (emphasis added); *see also Christeson v. Roper*, 574 U.S. 373, 377 (2015) ("Congress has not, however, conferred capital habeas petitioners with the right to counsel of their choice."). Here, Gamboa's motion requested that the district court appoint new counsel, putting the motion beyond the apparent bounds of this particular aspect of due process as recognized thus far in caselaw. Section 2253(c) requires a "substantial showing of the denial of a constitutional right." When there is doubt as to the existence of the constitutional right asserted, we cannot say a substantial showing of its denial has been made. *Thacker v. Dretke*, 396 F.3d 607, 617–18 (5th Cir. 2005). Accordingly, we find Gamboa has not carried his burden to warrant issuing a COA for his appeal of the denial of his motion to substitute counsel.

No. 16-70023

## III.

For these reasons, Gamboa's appeal of the denial of his motion to substitute counsel is DISMISSED as moot.