No. 16-70023

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JOSEPH GAMBOA,
*Petitioner-Appellant*

v.

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,
*Respondent-Appellee*

On appeal from the United States District Court for the
Western District of Texas, San Antonio Division
Civil Action Number 5:15-cv-00113

**PETITIONER-APPELLANT'S PETITION FOR EN BANC
REHEARING**

Petitioner-Appellant Joseph Gamboa seeks en banc rehearing of
the August 1, 2019 and March 16, 2023 unpublished opinions denying a
certificate of appealability related to his Rule 60(b) motion and
dismissing his request for substitute counsel as moot.

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described by Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**1. Petitioner-Appellant:**

> Joseph Gamboa
> TDCJ-ID (Death Row)
> Livingston, TX

**2. Counsel for Petitioner-Appellant:**

> Stephen A. Ferrell and Susanne Bales
> Federal Defender Services of Eastern Tennessee, Inc.
> Knoxville, TN

**3. Former Counsel for Petitioner-Appellant:**

> Jennifer Giddings
> Attorney at Law
> Houston, TX
>
> Raoul D. Schonemann
> Attorney at Law
> Austin, TX
>
> John J. Ritenour, Jr.
> Attorney at Law
> San Antonio, TX

**4. Respondent-Appellee:**

> Bobby Lumpkin
> Director, Texas Department of Criminal Justice,
> Institutional Division
> Huntsville, TX

**5. Counsel for Respondent-Appellee:**

> Ali Mustapha Nasser, Assistant Attorney General
> Office of the Attorney General
> Criminal Appeals Division
>
> Jefferson David Clendenin, Assistant Attorney General
> Office of the Texas Attorney General
> Financial Litigation & Charitable Trusts Division
> Austin, TX

/s/ Stephen A. Ferrell
Stephen A. Ferrell
*Attorney for Joseph Gamboa,*
*Petitioner-Appellant*

**FEDERAL RULE OF APPELLATE PROCEDURE 35(B) STATEMENT**

The panel's August 1, 2019 decision conflicts with, and relies on Fifth Circuit precedent that conflicts with, a decision of the United States Supreme Court, *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Therefore, consideration by the full Court is necessary to maintain uniformity with Supreme Court precedent. Moreover, the panel's March 16, 2023 decision involves a question of exceptional importance, to wit: the jurisdiction of this Court to consider a capital habeas petitioner's request for substitute counsel when appointed habeas counsel has abandoned his client but no certificate of appealability has issued for the denial of the underlying habeas claims.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ............................................................ ii

FEDERAL RULE OF APPELLATE PROCEDURE 35(B) STATEMENT ............................ iv

TABLE OF CONTENTS................................................................................. v

TABLE OF AUTHORITIES ............................................................................ vi

STATEMENT OF ISSUES................................................................................ 1

COURSE OF PROCEEDINGS AND DISPOSITION OF CASE ................................ 2

I.    State court litigation ................................................................. 2

II.   Federal habeas petition............................................................. 2

III.  Rule 60(b) motion litigation ...................................................... 4

IV.   Panel consideration of denial of substitute counsel and denial of habeas petition................................................................................ 4

RELEVANT FACTS ...................................................................................... 5

ARGUMENT AND AUTHORITIES..................................................................... 8

I.    Federal Rule of Civil Procedure 60(b) and Supreme Court precedent authorize a habeas petitioner to seek relief on the grounds that habeas counsel effectively abandoned the petitioner. ............................................. 8

II.   This Court has jurisdiction to consider an appeal of a district court's denial of a petitioner's pro se motion for substitute counsel when the petitioner has not obtained a certificate of appealability for his underlying habeas claims. ........................................................... 15

CONCLUSION........................................................................................... 18

CERTIFICATE OF SERVICE .......................................................................... 19

CERTIFICATE OF COMPLIANCE.................................................................... 19

ATTACHED UNPUBLISHED OPINIONS ........................................................... 20

# TABLE OF AUTHORITIES

## Federal Cases

*Cantu-Tzin v. Johnson,*
162 F.3d 295 (5th Cir. 1998) ............................................................. 7

*Clark v. Davis,*
850 F.3d 770 (5th Cir. 2017) ...................................................... 13, 14

*Franqui v. Florida,*
638 F.3d 1368 (11th Cir. 2011) ........................................................ 12

*Gamboa v. Davis,*
782 Fed. App'x 297 (5th Cir. 2019) (per curiam) ...................... *passim*

*Gonzalez v. Crosby,*
545 U.S. 524 (2005) .................................................................... iv, 8, 11

*Harris v. United States,*
367 F.3d 74 (2d Cir. 2004) .............................................................. 12

*In re Coleman,*
768 F. 3d 367 (5th Cir. 2014) ........................................................... 10

*In re Edwards,*
865 F.3d 197 (5th Cir. 2017) ...................................................... 4, 10

*Mackey v. Hoffman,*
682 F.3d 1247 (9th Cir. 2012) ......................................................... 12

*Martel v. Clair,*
565 U.S. 648 (2012) ........................................................................... 5

*McFarland v. Scott,*
512 U.S. 849 (1994) ............................................................... 7, 13, 14

## Federal Statutes

18 U.S.C. § 3599 ........................................................................ *passim*

28 U.S.C. § 2106 .............................................................................. 16

**State Cases**

*Ex parte Gamboa*, Case No. WR-78, 111-01,
   2015 WL 514914 (Tex. Crim. App. Feb. 4, 2015) (per curiam) ........... 2

*Gamboa v. Davis*,
   782 F. App'x 297 (5th Cir. 2019) (per curiam) ........................... *passim*

*Gamboa v. Davis*, Civ. Case No. SA-15-CA-113-OG,
   2016 WL 4413280 (W.D. Tex. Aug. 4, 2016) ...................................... 6

*Gamboa v. Lumpkin*, Case No. 16-70023,
   2023 WL 2536345 (5th Cir. Mar. 16, 2023) ............................. *passim*

*Gamboa v. State*,
   296 S.W.3d 574 (Tex. Crim. App. 2009) ............................................. 2

**Other**

*ABA Guidelines for the Appointment and Performance of Counsel in
Death Penalty Cases, Guideline 10.15.1*,
   31 Hofstra L. Rev. 913 (2003) .......................................................... 6

Federal Rule of Appellate Procedure 35(b) ........................................... iv

Federal Rule of Civil Procedure 60(b) ......................................... *passim*

Fifth Circuit Rule 28.2.1 ....................................................................... ii

# STATEMENT OF ISSUES

1.  Whether a district court has jurisdiction to consider a Federal Rule
    of Civil Procedure 60(b) motion based on the grounds that capital
    habeas counsel abandoned the petitioner.

2.  Whether this Court has jurisdiction to consider an appeal of a
    district court's denial of a capital petitioner's pro se motion for
    substitute counsel when the petitioner has not obtained a
    certificate of appealability for the denial of the underlying habeas
    claims.

## COURSE OF PROCEEDINGS AND DISPOSITION OF CASE

The issues here arise in part from the unusual procedural history of this case.

## I.    State court litigation

In 2007 in Bexar County, Texas, Mr. Gamboa was convicted of capital murder and sentenced to death for two fatal shootings during a bar robbery.  His conviction and sentence were affirmed on direct appeal, and his state habeas petition was denied.  *Gamboa v. State*, 296 S.W.3d 574 (Tex. Crim. App. 2009); *Ex parte Gamboa*, Case No. WR-78, 111-01, 2015 WL 514914 (Tex. Crim. App. Feb. 4, 2015) (per curiam).

## II.    Federal habeas petition

In March 2015, the District Court for the Western District of Texas appointed counsel John Ritenour to represent Mr. Gamboa in his federal habeas proceedings pursuant to 18 U.S.C. § 3599.  In February 2016, Ritenour filed a habeas petition on behalf of Mr. Gamboa, raising only "generic, broadside constitutional challenges entirely foreclosed by precedent." *Gamboa v. Lumpkin*, Case No. 16-70023, 2023 WL 2536345, at *3 (5th Cir. Mar. 16, 2023).  In May 2016, Ritenour replied to the

State's response by admitting that the petition he filed was meritless and foreclosed by precedent.

In July 2016, upon realizing that Ritenour had not raised any claims specific to his case and dissatisfied with Ritenour's representation, Mr. Gamboa filed a pro se motion for substitute counsel, which the district court denied and struck from the record. In August 2016, the district court denied the habeas petition. In September 2016, Mr. Gamboa timely filed a notice of appeal of both the denial of his motion for substitute counsel and of the denial of the habeas petition. Docket 2.

In February 2017, represented by new counsel, Mr. Gamboa filed a Motion for Relief from Judgment in the district court pursuant to Federal Rule of Civil Procedure 60(b). The basis of Mr. Gamboa's Rule 60(b) motion was that Ritenour abandoned his case throughout the course of proceedings, as evidenced by Ritenour not raising any case-specific claims (despite the claims being exhausted in state court) and by Ritenour failing to do any research or investigation into Mr. Gamboa's case. This Court stayed the appellate proceedings—as to both the denial of substitute counsel and denial of the habeas petition—while Mr. Gamboa litigated the Rule 60(b) motion in the district court. Docket 32.

## III.   Rule 60(b) motion litigation

In October 2017, the district court denied the Rule 60(b) motion, reasoning that it was an improper successive petition, and denied a certificate of appealability.  Docket 42.  In August 2019, a panel of this Court denied a certificate of appealability, concluding that "reasonable jurists would not debate that Gamboa's Rule 60(b) motion was an unauthorized successive habeas petition." *Gamboa v. Davis*, 782 Fed. App'x 297, 298 (5th Cir. 2019) (per curiam).  Judge Dennis concurred in the opinion because the panel was bound by Fifth Circuit precedent, specifically *In re Edwards*, 865 F.3d 197 (5th Cir. 2017), but he opined that *Edwards* should be reconsidered and overruled.  *Gamboa*, 782 Fed. App'x at 301 (Dennis, J., concurring).

## IV.   Panel consideration of denial of substitute counsel and denial of habeas petition

Once the Rule 60(b) issue was concluded and the stay expired, the panel considered Mr. Gamboa's appeal of the denial of substitute counsel and the denial of his habeas petition.  The panel dismissed Mr. Gamboa's appeal for lack of jurisdiction.  This petition for en banc review follows.

4

## RELEVANT FACTS

Attorney Ritenour was appointed pursuant to 18 U.S.C. § 3599, which grants "capital habeas petitioners enhanced rights of representation" and "aims in multiple ways to improve the quality of representation afforded to capital petitioners." *Martel v. Clair*, 565 U.S. 648, 659 (2012).[1] However, Ritenour effectively abandoned Mr. Gamboa's case and consequently deprived Mr. Gamboa of the opportunity to have his claims heard by the district court or reviewed by this Court. Ritenour represented Mr. Gamboa for longer than ten months prior to the deadline to file a federal habeas petition. Nevertheless, Ritenour did no legal research for Mr. Gamboa's case until the day before the statute of limitations expired. *See* Docket 42 at 6–7 (district court order outlining Mr. Gamboa's assertions about Ritenour's performance).

---

[1]    Section 3599 requires capital habeas lawyers to have more legal experience than required of non-capital attorneys, authorizes higher payment to attract better counsel, and provides more money for investigative and expert services, all of which "reflec[t] a determination that quality legal representation is necessary" in all capital proceedings. *Martel*, 565 U.S. at 659 (citing *McFarland v. Scott*, 512 U.S. 849, 855, 859 (1994)).

During those ten months, Ritenour did not conduct an investigation, hire an investigator, nor form a habeas team—as required by the American Bar Association standards for capital counsel[2]—to assist in investigating facts and researching legal issues in Mr. Gamboa's case. *See* Docket 42 at 6–7 (district court order).  Mr. Gamboa's state appellate and state habeas counsel had developed extensive case-specific facts in support of legal claims.[3]  Despite Mr. Gamboa's state appellate counsel having previously raised 18 case-specific claims of trial error and state habeas counsel having previously raised 29 specific claims for relief, the petition Ritenour filed consisted of seven generic challenges to Texas' death penalty scheme.  *Gamboa v. Davis*, 782 Fed. App'x at 298; *Gamboa v. Lumpkin*, 2023 WL 2536345, at *3.  Moreover, Ritenour merely copied the petition wholesale from another client's case and failed to replace that

---

[2]  ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, Guideline 10.15.1, 31 Hofstra L. Rev. 913 (2003) ("[C]ollateral counsel cannot rely on the previously compiled record but must conduct a thorough, independent investigation . . . .").

[3]  The Texas state habeas court heard testimony from nine witnesses during a four-day evidentiary hearing. *Gamboa v. Davis*, Civ. Case No. SA-15-CA-113-OG, 2016 WL 4413280 at *6, n.26 (W.D. Tex. Aug. 4, 2016).  Attorney Ritenour's federal habeas petition did not raise nor mention any claim or fact that was developed during the state habeas proceeding.

client's name with Mr. Gamboa's name. The Supreme Court and this Court have recognized that the statutory right to capital habeas counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims," *McFarland v. Scott*, 512 U.S. 849, 858 (1994); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998) (citing *McFarland*). Ritenour did neither on behalf of Mr. Gamboa.

The State responded to the petition by asserting that all seven claims were either procedurally defaulted or foreclosed by precedent. *Gamboa v. Davis*, 782 Fed. App'x at 298. Ritenour filed an untimely, two-paragraph reply in which he conceded that all seven claims were foreclosed. *Id.* at 298–99 nn.3, 4.

Shortly after Ritenour mailed Mr. Gamboa a copy of the reply brief and a letter explaining why he conceded that the claims were meritless, Mr. Gamboa filed a pro se "Motion to Dismiss Counsel." *Gamboa v. Lumpkin*, 2023 WL 2536345, at *1. In his motion, Mr. Gamboa explained his dissatisfaction with Ritenour's performance and requested that new habeas counsel be appointed. *Id.*

## ARGUMENT AND AUTHORITIES

**I.     Federal Rule of Civil Procedure 60(b) and Supreme Court precedent authorize a habeas petitioner to seek relief on the grounds that habeas counsel effectively abandoned the petitioner.**

A Rule 60(b) motion is construed as a successive petition if it presents a new ground for habeas relief or if it "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005). In contrast, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gamboa v. Davis*, 782 Fed. App'x at 300 (quoting *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018)).

Here, the district court found that Mr. Gamboa's Rule 60(b) motion was an unauthorized successive habeas petition. The district court reasoned that Mr. Gamboa's purpose in making a Rule 60(b) motion— and the only possible result of granting the motion—was to allow Mr. Gamboa to present new habeas claims through new counsel. The district

court thus found that the motion was an impermissible attempt to file an unauthorized successive petition by "using his abandonment [of counsel] allegation as a means to reopen the proceedings for the ultimate purpose of eventually raising and litigating new claims" and that this was "the very definition of a successive petition." Docket 42 at 5 (district court order).

In considering Mr. Gamboa's motion for a certificate of appealability, the panel held that "reasonable jurists would not debate the district court's holding that his Rule 60(b) motion was an unauthorized successive habeas petition in light of *Edwards*." *Gamboa v. Davis*, 782 Fed. App'x at 301. Accordingly, the panel held that the standard for the issuance of a COA was not met, even though Mr. Gamboa's allegations of attorney abandonment were "troubling." *Id.* Notably, the concurring panel member expressed that "*Edwards*'s holding should be reconsidered and overruled" and that "but for *Edwards*, Gamboa's Rule 60(b) motion would not be an unauthorized successive habeas petition." *Id.* at 304 (Dennis, J., concurring).

The panel cited to *In re Coleman* and *In re Edwards* for the proposition that Rule 60(b) motions based on alleged deprivation of the

statutory right to capital habeas counsel in the proceeding are, categorically, unauthorized successive petitions. *Id.* at 300–01 (citing *In re Coleman*, 768 F.3d 367 (5th Cir. 2014); *In re Edwards*, 865 F.3d 197, 204–05 (5th Cir. 2017)). *Coleman* holds that attacks based on habeas counsel's *omissions* are not cognizable Rule 60(b) motions and are instead successive claims. 768 F.3d at 371. *Edwards* holds that a Rule 60(b) claim of *abandonment* of habeas counsel "is the definition of a successive claim." 865 F.3d at 204–05. The panel thus concluded that neither omissions by habeas counsel nor abandonment of habeas counsel can form the basis of a valid Rule 60(b) motion, because "arguments about counsel's failure to discover and present particular arguments sound[ ] in substance, not in procedure." *Gamboa v. Davis*, 782 F. App'x at 301 (quoting *Edwards*, 865 F.3d at 205).

*Edwards* and the panel decision here misinterpret the seminal case addressing the proper use of a Rule 60(b) motion in habeas proceedings. In *Gonzalez v. Crosby*, the Supreme Court did not foreclose Rule 60(b) motions based on allegations of defective habeas representation. 545 U.S. 524 (2005). Instead, the Supreme Court stressed the Rule's limited application: An attack based on the performance of habeas counsel

10

"*ordinarily* does not go to the integrity of the proceedings" and thus often constitutes an impermissible successive petition. *Id.* at 532, n.5 (emphasis added). Although *Gonzalez* disfavors "attack[s] based on . . . habeas counsel's omissions," it does not categorically prohibit such attacks, nor does it address abandonment by habeas counsel that results in deprivation of the statutory right to counsel.

While *Gonzalez* does not allow courts to take a broad view of what constitutes a defect in the integrity of federal habeas proceedings, it also does not mandate the narrow view adopted by *Edwards* and applied by the panel in this case. Indeed, a panel member in this case concurred in the opinion "to express [his] view that *Edwards*'s holding should be reconsidered and overruled because a Rule 60(b) motion alleging abandonment of counsel can, at least in some instances, attack a defect in the integrity of the habeas proceedings." *Gamboa*, 782 Fed. App'x at 301 (Dennis, J., concurring).

Other circuits have recognized that while qualifying cases will be rare, Rule 60(b) motions attacking habeas counsel's performance are not categorically successive petitions. The Eleventh Circuit does not draw a bright-line rule but instead considers the merits of an attorney-omission

11

claim to determine whether the conduct was so "out of the ordinary" as to be allowed as set forth in *Gonzalez*. *Franqui v. Florida*, 638 F.3d 1368, 1372 (11th Cir. 2011); *accord Franqui*, 638 F.3d at 1375, 1378 (Wilson, J., dissenting) ("This case is not 'ordinary' and I would hold that since Franqui's habeas counsel's omission and misrepresentations offend the integrity of the proceedings, his Rule 60(b) motion is not second or successive. *** I would not allow Franqui to be deprived of the right to file his desired habeas petition because of our failure to expect competent representation in life-and-death cases."). In the Second Circuit, a Rule 60(b) motion predicated on the alleged failures of habeas counsel "is viable" when a case presents "extraordinary circumstances." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (noting that "such circumstances will be particularly rare"). In the Ninth Circuit, "when a federal habeas petitioner has been inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense that has jeopardized the petitioner's appellate rights, a district court may grant relief pursuant to Rule 60(b)(6)." *Mackey v. Hoffman*, 682 F.3d 1247, 1253 (9th Cir. 2012).

Notably, the Second and Ninth Circuits recognized the narrow circumstances in which *non-capital* habeas petitioners—who have no federal statutory right to representation—can raise attorney omissions or abandonment in a Rule 60(b) motion. Here, Mr. Gamboa is a capital petitioner whose statutory right to functioning habeas counsel was violated, yet he is foreclosed from raising the violation in a Rule 60(b) motion. *See McFarland*, 512 U.S. at 859 ("By providing indigent capital defendants with a mandatory right to qualified legal counsel in [habeas] proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty.").

In *Clark v. Davis*, this Court addressed capital habeas petitioners' statutory rights to counsel vis-à-vis Rule 60(b). 850 F.3d 770 (5th Cir. 2017). As the concurring member of the panel in this case recognized, the holdings in *Edwards* and in *Clark* are at tension. *See Gamboa v. Davis*, 782 Fed. App'x at 303–04 (Dennis, J., concurring). In *Clark*, this Court held that a Rule 60(b) motion premised on capital habeas counsel's conflict of interest is not a successive petition. 850 F.3d at 779–80. The *Clark* Court reasoned that "[c]apital habeas petitioners have a statutory

right to conflict-free counsel," and thus Clark's Rule 60(b) motion was not an attack on the determination of the merits of the case but instead was a permissible challenge to a defect in the integrity of the proceedings, i.e., the deprivation of the statutory right to habeas counsel. 850 F.3d at 779–80. Although *Clark* and *Edwards* addressed different problems with habeas counsel (attorney conflict of interest and attorney abandonment, respectively), the problems carry the same risk because "each [problem] prevents the district court from ever considering the petitioner's claims on the merits." *Gamboa v. Davis*, 782 Fed. App'x at 304 (Dennis, J., concurring).

Moreover, Congress has legislated against each problem: Capital habeas petitioners have statutory rights to conflict-free counsel *and* to "a right for that counsel meaningfully to research and present a defendant's habeas claims." 18 U.S.C. § 3599; *McFarland*, 512 U.S. at 858 (if counsel does not meaningfully present defendant's habeas claims, "[a]pproving the execution of a defendant before his petition is decided on the merits would clearly be improper." (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983)).

The result of *Edwards* is that capital petitioners with conflicted counsel are afforded the opportunity to bring a Rule 60(b) motion, but capital petitioners who have been effectively abandoned by habeas counsel are not.    *Edwards* thus leaves capital petitioners without recourse if habeas counsel effectively abandons their case.    En banc consideration of this issue, and specifically consideration of the holding in *Edwards*, is necessary to prevent this Circuit from being in conflict with Supreme Court precedent and other Circuit Courts of Appeal and to prevent the injustice that would result from capital habeas petitioners, abandoned by counsel, being left with no remedy.

## II.   This Court has jurisdiction to consider an appeal of a district court's denial of a petitioner's pro se motion for substitute counsel when the petitioner has not obtained a certificate of appealability for his underlying habeas claims.

In its recent unpublished decision, the panel concluded that it did not have jurisdiction because Mr. Gamboa's appeal was moot.    *Gamboa v. Lumpkin*, 2023 WL 2536345, at *1.    The panel recognized that "[a]lthough Gamboa has not sought nor received a COA to appeal the denial of his motion to substitute counsel under 18 U.S.C. § 3559(e), a

COA is not required to appeal this issue." *Id.* at *2. However, the panel reasoned that reversing the district court's denial of Mr. Gamboa's motion for substitute counsel would "imply the invalidity of the order denying his petition, as it was issued following the denial of the motion to substitute counsel." *Id.* at *3. The panel thus concluded that "we are powerless to vacate or invalidate the district court's judgment denying Gamboa's federal habeas petition without first issuing a COA" as to the underlying habeas claims. *Id.* at *3. *But see* 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."). Here, the panel implicitly created a procedural rule requiring a petitioner to obtain a COA as to an underlying habeas claim before this Court will consider whether a district court erred in denying substitute habeas counsel.

The panel's decision creates an anomaly where district courts' denials of substitution of habeas counsel in the most egregious of

circumstances are the most protected from appellate review. That Catch-22 is on display here: Mr. Gamboa learned that attorney Ritenour raised only generic and meritless claims in the petition and failed to raise any case-specific claims despite the extensive development of those claims in the state court. Mr. Gamboa then asked the district court for substitute counsel, which the district court denied. On review, the panel would not consider whether Mr. Gamboa should have been allowed substitute counsel because there was no COA as to the underlying substantive habeas claims. However, the panel then denied a COA as to the substantive habeas claims precisely because "the claims that attorney Ritenour raised in Gamboa's petition were generic, broadside constitutional challenges entirely foreclosed by precedent." *Gamboa v. Lumpkin*, 2023 WL 2536345, at *3. Indeed, "none of the claims contained in appointed counsel's petition would qualify for a COA." *Id.* Because the panel could not grant a COA as to the habeas claims, it could not grant any relief to Mr. Gamboa, therefore his request for substitute counsel was moot and this Court had no jurisdiction.

En banc consideration is warranted because the panel created a procedural rule that denies recourse to petitioners whose court-appointed

habeas counsel has effectively abandoned them. Petitioners with the most "troubling"[4] representation, who actively request substitute counsel from the district court, are foreclosed from review of the denial of their request because their habeas counsel performed so poorly that the Circuit cannot grant a COA as to the underlying habeas claims.

## CONCLUSION

In light of the foregoing, Mr. Gamboa seeks en banc rehearing of the August 1, 2019 and March 16, 2023 unpublished opinions issued by a panel of this Court.

Respectfully submitted,

/s/ Stephen A. Ferrell
Stephen A. Ferrell
Tennessee Bar No. 025170
800 South Gay Street, Ste. 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999
Stephen_Ferrell@fd.org

---

[4] *Gamboa v. Davis*, 782 Fed. App'x 297, 301 (2019).

/s/ Susanne Bales
Susanne Bales
Tennessee Bar No. 017868
800 South Gay Street, Ste. 2400
Knoxville, TN 37929
Phone: (865) 637-7979
Fax: (865) 637-7999
Susanne_Bales@fd.org

## CERTIFICATE OF SERVICE

On April 13, 2023, this petition was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ Stephen A. Ferrell
Stephen A. Ferrell

## CERTIFICATE OF COMPLIANCE

Counsel certifies that (1) the petition follows the privacy redaction requirements; (2) the electronic submission is an exact duplicate of the paper document; (3) the document has been scanned with the most recent version of a commercial virus-scanning program and is virus free; and (4) the petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 35(b) because it contains 3,479 words using Word 2016.

/s/ Stephen A. Ferrell
Stephen A. Ferrell

ATTACHED UNPUBLISHED OPINIONS

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 16-70023

———

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2019

Lyle W. Cayce
Clerk

JOSEPH GAMBOA,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

———

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-113

———

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

      Petitioner Joseph Gamboa moves for a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(2), seeking review of the district court's denial of his Rule 60(b) motion for relief from judgment in his 28 U.S.C. § 2254 action. The district court ruled that the motion was an impermissible successive habeas petition and, alternatively, that Gamboa failed to demonstrate

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-70023

extraordinary circumstances warranting relief under Rule 60(b)(6).[1]    We conclude that reasonable jurists would not debate that Gamboa's Rule 60(b) motion was an unauthorized successive habeas petition and DENY a COA.[2]

# I

Joseph Gamboa was convicted by a Texas jury of capital murder and sentenced to death in March 2007 for the killing of Ramiro Ayala and Douglas Morgan during a robbery at Taco Land, a bar in San Antonio, Texas, in 2005. Gamboa's conviction and sentence were affirmed on direct appeal. *See Gamboa v. State*, 296 S.W.3d 574 (Tex. Crim. App. 2009). Gamboa then filed a state habeas application, which was denied on February 4, 2015.

In 2015, Gamboa filed a motion seeking appointment of counsel under 18 U.S.C. § 3599 to prepare a federal habeas petition. The district court appointed John Ritenour, Jr. to represent Gamboa on March 19, 2015, and set a deadline of July 1, 2015 to file a habeas petition. Over the next several months, Ritenour moved three times for an extension of time to file Gamboa's habeas petition, seeking the full one-year limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). The district court granted these motions.

On February 3, 2016, Ritenour filed a fifty-five-page habeas petition alleging seven claims for relief that attacked the constitutionality of the Texas capital sentencing scheme. Respondent filed an answer in April 2016, arguing that all the claims were foreclosed by well-settled precedent and some claims

---

[1] The district court's consideration of this alternative matter was error. The Antiterrorism and Effective Death Penalty Act divests the district court of jurisdiction to consider unauthorized successive habeas petitions; thus, once the district court concluded Gamboa's motion was a successive § 2254 petition, it should have dismissed the motion or transferred it to this court for authorization. *See* 28 U.S.C. § 2244(b)(4); *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).

[2] Consequently, we do not reach the district court's alternative holding that Gamboa was not entitled to relief under Rule 60(b)(6).

No. 16-70023

were also procedurally defaulted. Ritenour then filed an untimely two-paragraph reply,[3] admitting that, "[a]fter considerable review and reflection," each claim in Gamboa's habeas petition was foreclosed by precedent.[4] The district court denied Gamboa's habeas petition on the grounds that five out of the seven claims were procedurally defaulted, one claim was partially procedurally defaulted, and all claims lacked merit. The court denied a COA. Ritenour then moved to withdraw, but the district court denied the motion without prejudice. Gamboa filed a pro se declaration indicating his intent to appeal, which the district court construed as a timely notice of appeal.

On appeal, Ritenour again moved to withdraw, and this court granted the motion. After obtaining new, pro bono counsel, Gamboa successfully obtained a stay of proceedings in this court so that he could file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in the district court. In his Rule 60(b) motion, Gamboa argued that Ritenour abandoned him, depriving him of the quality legal representation guaranteed in his federal habeas proceedings under § 3599, and that the proceedings should therefore be reopened to cure that defect. The district court denied the Rule 60(b) motion as an unauthorized successive petition and, alternatively, denied the motion on the merits for failure to show extraordinary circumstances justifying Rule 60(b) relief. The district court also denied Gamboa a COA. Gamboa now seeks a COA in this court to challenge the district court's ruling on his Rule 60(b) motion.

---

[3] Ritenour filed the reply twenty-four days late. On May 12, 2016, ten days after a reply was due, Ritenour filed a motion for an extension of time to file a reply, admitting that he missed both the deadline to file a reply and the deadline to request an extension of time, and stating that the delay was caused by his work on other legal matters. The court did not rule on the motion.

[4] Neither the habeas petition nor the reply acknowledged the issue of procedural default or argued that an exception applied to overcome procedural default.

No. 16-70023

## II

A COA is required to appeal a district court's denial of a Rule 60(b) motion for relief from a federal habeas judgment. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). To obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In determining whether to grant a COA, we do not give full consideration to "the factual or legal bases adduced in support of the claims." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, we ask only "whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

## III

We first consider whether Gamboa's Rule 60(b) motion was, as the district court determined, an unauthorized successive habeas petition. Rule 60(b) allows a party to seek relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), or "any other reason that justifies relief," FED. R. CIV. P. 60(b)(6). When presented with a Rule 60(b) motion in a habeas proceeding, the district court must first determine whether the motion is, in reality, a second or successive habeas petition, which can only be brought if a court of appeals first certifies that it meets the requirements of

No. 16-70023

§ 2244(b)(2).[5]  A Rule 60(b) motion is a successive petition if it "advances one or more claims" by "seek[ing] to add a new ground for relief" or "attack[ing] the previous resolution of a claim on the merits."  *Gonzalez*, 545 U.S. at 532. However, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532).  This court construes these exceptions narrowly to include "[f]raud on the habeas court" or "erroneous previous ruling[s] which precluded a merits determination," such as the denial of a petition for "failure to exhaust, procedural default, or statute-of-limitations bar." *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (internal quotation marks omitted).  *But see Crutsinger v. Davis*, No. 18-70027, 2019 WL 2864445, at *4 (5th Cir. July 3, 2019) (a Rule 60(b) motion attacking the district court's denial of funding under 18 U.S.C. § 3599(f) in the first federal habeas proceeding was not a successive habeas petition); *Clark v. Davis*, 850 F.3d 770 (5th Cir. 2017) (an allegation of federal

---

[5] A second or successive habeas petition must be dismissed unless a court of appeals certifies that:

> (A) the applicant [has shown] that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2); *see also Gonzalez*, 545 U.S. at 530.

No. 16-70023

habeas counsel's conflict of interest attacked a defect in the integrity of habeas proceedings).

The district court construed Gamboa's Rule 60(b) motion as a successive habeas petition. The court reasoned that, if Gamboa succeeded on his Rule 60(b) motion, the only result would be to give him an opportunity to present new claims through new counsel. The court also reasoned that the Rule 60(b) motion, by alleging counsel's failure to investigate various potential claims, evidenced an intent to eventually raise new claims. Accordingly, the court concluded that Gamboa's motion was an impermissible attempt to "circumvent" § 2244 by "using his abandonment allegation as a means to re-open the proceedings for the ultimate purpose of eventually raising and litigating new claims" and that this was "the very definition of a successive petition." Gamboa argues that his Rule 60(b) motion was not a successive habeas petition because it did not contain substantive claims for relief or challenge the district court's resolution of his habeas claims on the merits. Instead, he emphasizes that his Rule 60(b) motion alleged abandonment by Ritenour during the habeas proceedings, culminating in Ritenour's filing of a petition with seven generic claims challenging the Texas capital sentencing scheme that were copied and pasted from another client's petition. He contends that his allegation of abandonment is an attack on the integrity of the habeas proceedings and not on the district court's resolution of any claim on the merits.

Challenges based on the movant's own conduct, or omissions by habeas counsel, "ordinarily do[] not go to the integrity of the proceedings, but in effect ask[] for a second chance to have the merits determined favorably." *Coleman*, 768 F.3d at 371 (citing *Gonzalez,* 545 U.S. at 532 n. 5). Gamboa argues that Ritenour's actions exceeded ordinary attorney omissions and amounted to

6

No. 16-70023

"wholesale abandonment," depriving him of his statutory right to counsel under § 3599.[6] However, in *In re Edwards*, this court held that:

> Turning to the issue of the alleged abandonment of his habeas counsel, the district court was correct that this claim is also a successive claim. The Rule 60(b) motion seeks to re-open the proceedings for the purpose of adding new claims. This is the definition of a successive claim.

*See* 865 F.3d 197, 204–05 (5th Cir. 2017). The court reasoned that "arguments about counsel's failure to discover and present particular arguments sound[] in substance, not in procedure." *Id.* at 205 (citing *Coleman*, 768 F.3d at 372).

Troubling though Gamboa's allegations of attorney abandonment may be, reasonable jurists would not debate the district court's holding that his Rule 60(b) motion was an unauthorized successive habeas petition in light of *Edwards*. *See Miller-El*, 537 U.S. at 336. Accordingly, a COA is DENIED.

---

[6] Gamboa claims that Ritenour's case load, ailing health, and other personal matters led Ritenour to abandon him. Specifically, he claims that Ritenour only met with him once prior to filing the habeas petition and "told [Gamboa] that he had read the state court record in [his] case and believed [Gamboa] was guilty"; that, despite the standards for federal habeas counsel in death penalty cases, Ritenour failed to form a representation team that included multiple attorneys, investigators, and experts; that Ritenour failed to speak to Gamboa's family members, or to investigate and prepare Gamboa's petition even after three filing extensions; that Ritenour failed to conduct legal research until the day before the filing deadline; that Ritenour ignored documents Gamboa gave him that Gamboa contends contained potential witnesses and leads; that Ritenour failed to communicate with him throughout the proceedings; that Ritenour filed a seven-claim petition that he copied and pasted from the habeas petition of another client, Obie Weathers, that contained generic, legally-foreclosed challenges to the Texas death penalty scheme; and that Ritenour filed an untimely, two-paragraph reply brief conceding the claims in the habeas petition were foreclosed.

No. 16-70023

JAMES L. DENNIS, Circuit Judge, specially concurring:

Gamboa argues that his Rule 60(b) motion alleged a defect in the integrity of his federal habeas proceedings by attacking the performance of his federal habeas counsel, John Ritenour, whose alleged "wholesale abandonment" of Gamboa exceeded ordinary attorney omissions and deprived him of his statutory right to counsel under 18 U.S.C. § 3599. I acknowledge that reasonable jurists would not debate the district court's ruling that Gamboa's Rule 60(b) motion was a successive habeas petition because we are bound by *In re Edwards*, 865 F.3d 197 (5th Cir. 2017). However, I write separately to express my view that *Edwards*'s holding should be reconsidered and overruled because a Rule 60(b) motion alleging abandonment by counsel can, at least in some instances, attack a defect in the integrity of the habeas proceedings.

*Edwards* held that a Rule 60(b) motion alleging abandonment by habeas counsel is "the definition of a successive" habeas claim because it "seeks to re-open the proceedings for the purpose of adding new claims." *See id.* If *Edwards* is interpreted to mean that a Rule 60(b) motion is always improper if granting it would ultimately permit a party to pursue claims for relief under 28 U.S.C. § 2254 or § 2255, this interpretation is obviously incorrect: A Rule 60(b) motion for relief from judgment in the habeas context is *designed to reopen the proceedings* to allow a petitioner to have claims heard on the merits.[1]  *See*

---

[1] Here, Respondent argues that Gamboa's Rule 60(b) motion is a successive habeas petition because it sought to raise and advance substantive claims. Gamboa's Rule 60(b) motion mentioned several potentially meritorious, case-specific claims that Ritenour did not bring, including a potential *Brady* violation. However, he presented these claims in a few paragraphs detailing Ritenour's failure to investigate or conduct discovery and as further evidence that he was allegedly deprived of the quality legal representation guaranteed by § 3599. Thus, in my view, it is debatable whether Gamboa's objective in discussing these potential claims was to challenge the district court's resolution of his habeas petition on the merits or to argue that counsel's abandonment was a defect in the integrity of the proceedings. *See In re Segundo*, 757 F. App'x 333, 336 (5th Cir. 2018) (a Rule 60(b) motion

8

No. 16-70023

*United States v. Vialva*, 904 F.3d 356, 361 (5th Cir. 2018) ("[T]he question before us is not whether Rule 60(b) motions can reopen proceedings—they certainly can—but whether [petitioners] have actually alleged procedural defects cognizable under Rule 60(b)."). As the Tenth Circuit stated in *In re Pickard*:

> What else could be the purpose of a 60(b) motion? The movant is always seeking in the end to obtain [28 U.S.C.] § 2255 relief. The movant in a true Rule 60(b) motion is simply asserting that he did not get a fair shot in the original § 2255 proceeding because its integrity was marred by a flaw that must be repaired in further proceedings.

681 F.3d 1201, 1206 (10th Cir. 2012).

If *Edwards* is interpreted to hold that a Rule 60(b) motion alleging abandonment by counsel is always a successive habeas petition, this interpretation is also overly broad and misses the mark. First, the Supreme Court has implicitly noted that extraordinary omissions by counsel may rise to the level of a defect in the integrity of habeas proceedings. *See Gonzalez*, 545 U.S. at 532 n.5 (noting that omissions by habeas counsel "ordinarily" do not go to the integrity of the habeas proceedings). Second, this court has already recognized that a conflict of interest by habeas counsel can constitute a defect in the integrity of the proceedings, *see Clark v. Davis*, 850 F.3d 770 (5th Cir. 2017); *In re Paredes*, 587 F. App'x 805, 823 (5th Cir. 2014), and abandonment by habeas counsel is analogous.

---

alleging a claim of ineffective assistance of counsel was a successive habeas petition where the "claim was the focus of the motion, and reopening the proceedings to relitigate it is the clear objective of the filing" (citing *Preyor*, 704 F. App'x at 340)); *Haynes v. Davis*, 733 F. App'x 766, 769 (5th Cir. 2018) ("[W]hile the viability of a petitioner's underlying constitutional claim may be tangentially relevant to the Rule 60(b) analysis, the Rule may not be used to attack 'the substance of the federal court's resolution of a claim *on the merits*." (internal citations and quotation marks removed)).

9

No. 16-70023

In *Gonzalez*, the Supreme Court "note[d] that an attack based on . . . habeas counsel's omissions . . . *ordinarily* does not go to the integrity of the [habeas] proceedings," thereby implicitly suggesting that some omissions by counsel could rise to the level of impacting the integrity of the proceedings. *See* 545 U.S. at 532 n.5 (emphasis added); *see also In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (an attack based on habeas counsel's omissions "generally" "do[es] not go to the integrity of the proceedings"). The Court noted with approval the Second Circuit's holding in *Harris v. United States,* 367 F.3d 74, 80–81 (2nd Cir. 2004), that a Rule 60(b) motion asserting that counsel omitted a Sixth Amendment claim was a successive habeas petition. *See id.* at 530–31. Notably, however, *Harris*'s holding emphasizes a distinction between allegations of ordinary omissions by counsel and abandonment. *See Harris,* 367 F.3d at 80–81. According to the Second Circuit:

> It follows that the integrity of a habeas proceeding cannot be impugned under Rule 60(b)(6) using the standard established in [*Strickland v. Washington*, 466 U.S. 668, 687 (1984)]. Instead, a Rule 60(b)(6) movant must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all.

*Id.* at 81. This distinction exists because, unlike ordinary omissions by counsel, abandonment "sever[s] the principal-agent relationship" and "an attorney no longer acts, or fails to act, as the client's representative." *See Maples v. Thomas*, 565 U.S. 266, 281 (2012); *see also In re Jasper*, 559 F. App'x 366, 371 (5th Cir. 2014). "[A] client [cannot] be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *See Maples*, 565 U.S. at 283.

Second, *Edwards*'s holding is also called into question by this court's recognition in *Clark*, 850 F.3d at 780, that an allegation that an attorney has a conflict of interest attacks the integrity of the habeas proceedings, and not

No. 16-70023

the substance of the district court's resolution of the claim on the merits. As *Clark* discussed, a conflict of interest arises when a petitioner has meritorious but procedurally defaulted claim that his trial counsel was ineffective, but is represented by federal habeas counsel who also served as the petitioner's state habeas counsel. *See* 850 F.3d at 779 (discussing *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013)). This is because that habeas attorney "could not be expected to argue his own ineffectiveness to overcome" the procedural default of that ineffective-assistance-of counsel claim. *See id.* This court has held that, in such situations, because counsel "prevent[ed] [the petitioner] from having his ineffective-assistance-of-counsel claim reviewed on the merits," a Rule 60(b) motion asserting a conflict of interest attacks a defect in the integrity of the habeas proceedings and is not an impermissible successive petition.[2] *See id.* at 779–80.

This court's reasoning that an allegation of a conflict of interest can warrant reopening of habeas proceedings without running afoul of 28 U.S.C. § 2244's bar on unauthorized successive petitions should apply with equal force when a petitioner alleges actual or constructive abandonment by counsel. In every action in which a criminal defendant is charged with a crime punishable by death and cannot afford adequate representation, the defendant is guaranteed a right to counsel. *See* 18 U.S.C. § 3599(a). "[T]he right to counsel

---

[2] The *Edwards* court acknowledged the conflict-of-interest exception recognized in *Clark* but concluded that Edwards did not assert the same type of conflict of interest and found it inapposite. *See Edwards*, 865 F.3d at 206–07 ("Edwards asks us to extend the reasoning of *Clark* to his case. The district court found that a reasonable jurist could differ as to whether Edwards's alleged abandonment by counsel 'could be the sort of defect in the integrity of the federal habeas proceedings that could warrant Rule 60(b) relief' and granted a COA on it. The district court correctly observed, however, that Edwards . . . 'has not shown the type of conflict of interest presented in *Clark*.'" (internal citations omitted)). Here, however, Gamboa's Rule 60(b) motion did not assert that Ritenour had the same type of conflict of interest at issue in *Clark*; rather, Gamboa argued that *Clark* established a defect in the integrity of the proceedings that is analogous to the defect resulting from attorney abandonment.

No. 16-70023

necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, approving the execution of a defendant before his [petition] is decided on the merits would clearly be improper." *McFarland v. Scott*, 512 U.S. 849, 858 (1994) (discussing 21 U.S.C. § 848(q), which in 2006 was repealed and substantially reenacted as 18 U.S.C. § 3599 (internal citations and quotation marks omitted)). Section 3599(a) creates a statutory right to conflict-free counsel, *see Mendoza v. Stephens*, 783 F.3d 203, 210 (5th Cir. 2015), and to "proper representation," *see* 18 U.S.C. § 3599(a), (c)–(d); *see also McFarland*, 512 U.S. at 858. Like conflicted counsel, who cannot "be expected to argue his own ineffectiveness," *see Clark*, 850 F.3d at 779, an attorney who has actually or constructively abandoned his client cannot be expected to raise meaningful claims on his client's behalf, if he raises any claims at all.

A similar deprivation thus results from counsel's abandonment and conflict of interest, as each prevents the district court from ever considering the petitioner's claims on the merits. *See id.*; *see also McFarland*, 512 U.S. at 859 ("By providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty."). For example, where, as here, a petitioner alleges that counsel abandoned him prior to filing a habeas petition and ultimately filed a petition containing only pro forma claims, allowing the petitioner to proceed with new and adequate representation would cure the defect in the habeas proceedings resulting from counsel's abandonment. *See Clark*, 850 F.3d at 779–80.

*Edwards*'s broad holding that a Rule 60(b) motion alleging abandonment is a successive habeas petition forecloses allegations of abandonment that I believe legitimately attack a defect in the integrity of the habeas proceedings

12

No. 16-70023

without impermissibly attempting to "circumvent" the requirements of § 2244. *See Gonzalez*, 545 U.S. at 532.  In my view, but for *Edwards*, Gamboa's Rule 60(b) motion would not be an unauthorized successive habeas petition.

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2023

Lyle W. Cayce
Clerk

No. 16-70023

Joseph Gamboa,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-113

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

Petitioner Joseph Gamboa, a capital inmate in Texas, appeals the district court's denial of his "Motion to Dismiss Counsel" during his 28 U.S.C. § 2254 federal habeas corpus proceedings. Because we cannot grant

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 16-70023

any effectual relief, Gamboa's appeal is moot, and we must dismiss it for lack of jurisdiction.

## I.

The background to this case has been amply discussed elsewhere. *See Gamboa v. Davis*, 782 F. App'x 297, 298–99 (5th Cir. 2019). We briefly recount the facts as relevant here. In 2007, a Texas jury convicted Joseph Gamboa of capital murder and sentenced him to death for killing Ramiro Ayala and Douglas Morgan during a 2005 robbery at a bar in San Antonio, Texas. *Id.* at 289. Gamboa's conviction and sentence were affirmed on direct appeal, *see Gamboa v. State*, 296 S.W.3d 574 (Tex. Crim. App. 2009), and his state habeas application was denied in February 2015, *see Gamboa*, 782 F. App'x at 298.

In 2015, following his unsuccessful state habeas proceedings, Gamboa moved in federal district court for appointment of counsel to assist with his 28 U.S.C. § 2254 federal habeas petition. The district court appointed attorney John Ritenour, Jr. to represent Gamboa. Ritenour filed Gamboa's § 2254 petition in February 2016, alleging various challenges to the constitutionality of Texas's death penalty scheme. Ritenour later met with Gamboa, who allegedly expressed his displeasure with what Gamboa perceived as Ritenour's failure to investigate other issues related to the guilt and penalty phases of his capital trial. In April 2016, the State filed an answer, contending that all of Gamboa's claims were foreclosed by settled precedent and that some were also procedurally defaulted. The next month, Ritenour filed an untimely two-paragraph reply brief, conceding that each claim in Gamboa's federal habeas petition was foreclosed. *Id.* at 298–299. On June 8, 2016, Ritenour wrote to Gamboa, enclosing the reply brief and explaining his rationale for conceding that all claims were foreclosed.

No. 16-70023

Three weeks later, on June 29, 2016, Gamboa filed a *pro se* "Motion to Dismiss Counsel" wherein he requested that the district court remove Ritenour as his appointed counsel and appoint new counsel to represent him. The motion stated that "appointed counsel has failed to file the appropriate and REQUESTED ERRORS necessary to the adequate defense to the federal habeas writ pending against defendant herein." The *pro se* motion further stated that Gamboa had "lost faith in counsel and no longer trust [*sic*] counsel's advice" and that, "as a result of the attitude and performance of" appointed counsel, "there now exist [*sic*] an irreparable, antagonistic relationship between Defendant and appointed counsel." The motion, however, lacked a certificate of conference and, although it included a certificate of service, that certificate was incorrectly addressed.

On July 8, 2016, the district court struck Gamboa's motion for failing to comply with the Local Court Rules for the United States District Court for the Western District of Texas and, in the alternative, denied the motion on its merits. First, the court stated that the applicable standard for evaluating Gamboa's motion to substitute counsel was whether there was "good cause . . . for the withdrawal of counsel." The court then emphasized that the motion was filed four months after Ritenour filed the § 2254 petition, more than a month after Ritenour filed the "last operative pleading" in the case, and well after the Antiterrorism and Effective Death Penalty Act's statute of limitations had expired on Gamboa's petition. The court also observed that Gamboa had not alleged any specific facts demonstrating an actual or potential conflict of interest between himself and Ritenour nor had Gamboa identified with specificity any irreconcilable conflict between himself and Ritenour.

Responding to Gamboa's allegation that his counsel failed to assert claims that Gamboa wanted to include in his petition, the court noted that Gamboa had not "identif[ied] any non-frivolous claims for relief" that he

would have included in his § 2254 petition but that Ritenour failed to incorporate, and, moreover, counsel is under no duty to raise every non-frivolous claim that could be pressed. Last, the district court stated that the motion was deficient under the Local Rules because it lacked both a certificate of service and a certificate of conference.

On August 4, 2016, the district court denied Gamboa's § 2254 motion and denied a Certificate of Appealability ("COA"), determining that all of his claims were procedurally defaulted and/or foreclosed by precedent. Ritenour then moved to withdraw as counsel. The district court denied his motion without prejudice. Subsequently, Gamboa filed a *pro se* notice of appeal. The notice identified two orders that Gamboa sought to appeal—the district court's order denying his motion to dismiss counsel and the order denying his § 2254 petition.

In proceedings before this court, Ritenour again moved to withdraw, and we granted his motion. Gamboa obtained new counsel and successfully obtained a stay of proceedings in this court so that he could file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) in the district court. He argued that Ritenour abandoned him, "depriving him of the quality legal representation guaranteed in his federal habeas proceedings under [18 U.S.C.] § 3599, and that the proceedings should therefore be reopened to cure that defect." *Id.* The district court denied Gamboa's Rule 60(b) motion as an unauthorized successive petition and, alternatively, denied the motion on the merits for failure to show extraordinary circumstances justifying Rule 60(b) relief. The district court also denied Gamboa a COA. Gamboa then sought a COA from this court to challenge the district court's ruling on his Rule 60(b) motion. Acknowledging that Gamboa's claims of attorney abandonment were "troubling," we denied a COA in light of binding circuit precedent. *Id.* at 301 (citing *In re Edwards*, 865 F.3d 197, 204–05 (5th Cir. 2017)).

No. 16-70023

Following our denial of a COA, the parties briefed the issue of whether the district court committed reversible error in denying Gamboa's motion to dismiss counsel and appoint substitute counsel.

## II.

On appeal, Gamboa argues that the district court applied the incorrect standard in considering his motion to appoint substitute counsel. He points out that the Supreme Court had mandated that district courts assess "the interests of justice" in considering indigent capital defendants' requests to replace appointed counsel under 18 U.S.C. § 3599(e), *see Martel v. Clair*, 565 U.S. 648, 652 (2012), but that the district court instead stated that the applicable standard was whether there was "good cause . . . for the withdrawal of counsel." Gamboa asks us to reverse the district court's denial of his motion and to remand this matter to the district court with instructions "that the case proceed with substitute counsel, as of the date of the filing" of his motion.

Before we may entertain the merits of Gamboa's appellate arguments, we must first consider our jurisdiction. Although Gamboa has not sought nor received a COA to appeal the denial of his motion to substitute counsel under 18 U.S.C. § 3599(e), a COA is not required to appeal this issue. Title 28 U.S.C. § 2253(c)(1)(A), the provision governing the issuance of a COA for state prisoners, provides that, unless a COA issues, "an appeal may not be taken" from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." The Supreme Court has observed that this provision specifically "governs final orders that dispose of the merits of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention." *Harbison v. Bell*, 556 U.S. 180, 183 (2009). By contrast, "[a]n order that merely denies a motion to enlarge the authority of appointed counsel (or that *denies a motion*

No. 16-70023

*for appointment of counsel*) is not such an order and is therefore not subject to the COA requirement." *Id.* (emphasis added). This includes motions to substitute appointed counsel filed under 18 U.S.C. § 3599(e). *See Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1258 (11th Cir. 2014) (explaining that "petitioner d[id] not need a COA to appeal a district court's denial of" of his "Motion for Appointment of Substitute Collateral Counsel" under 18 U.S.C. § 3599(e) because "[a]n order denying a motion for court-appointed, federal habeas counsel under [that provision] is 'clearly an appealable order under 28 U.S.C. § 1291'" (cleaned up) (quoting *Harbison*, 556 U.S. at 183)).

Though appeals from the denial of appointment of counsel do not require a COA, we must address the additional jurisdictional issue of whether the present appeal is moot.[1] "A case becomes moot . . . 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Knox v. Serv. Emps. Intern. Union Local 1000*, 567 U.S. 298, 307 (2012)). Gamboa seeks to have the district court's order denying his motion for appointment of substitute counsel reversed. But Gamboa has not been represented by Ritenour—the attorney Gamboa sought to replace—since we granted Ritenour's motion to withdraw early in the proceedings in this court. Moreover, Gamboa has had the services of substitute counsel for almost the entirety of his proceedings in this court. So, any request to merely substitute counsel at this juncture in the habeas litigation would be moot.

What Gamboa actually seeks is not simply to change counsel now; instead, he asks us to rule that the district court should have granted his motion

---

[1] "None of the parties raised" any "jurisdictional issue[s] on appeal. Of course, we 'must examine the basis of [our] jurisdiction, on [our] own motion, if necessary.'" *Hill v. City of Seven Points,* 230 F.3d 167, 169 (5th Cir. 2000) (quoting *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987)).

to appoint substitute counsel during his § 2254 proceedings before that court, which would allow him to rewind his federal habeas proceedings to the time he filed that motion. Implicit in this request is that we vacate or otherwise effectively invalidate orders that were entered after Gamboa filed his motion to substitute counsel, including, most importantly, the district court's denial of his § 2254 petition. Granting the relief he requests would, at a minimum, imply the invalidity of the order denying his petition, as it was issued following the denial of the motion to substitute counsel. But, as explained below, we are powerless to vacate or invalidate the district court's judgment denying Gamboa's federal habeas petition without first issuing a COA.

In order for us to overturn the district court's order "dispos[ing] of the merits of [his] habeas proceeding," *Harbison*, 556 U.S. at 183, Gamboa would need to appeal that order. But before he could prosecute such an appeal, he would first need to receive a COA from this court, which would then authorize his appeal. *See* 28 U.S.C. § 2253(c); *see also United States v. Davis*, 971 F.3d 524, 535 (5th Cir. 2020) (explaining that, in the context of a § 2255 motion, "a COA is a jurisdictional prerequisite to any appeal" and that this court therefore has "no judicial power to do anything without it"). And "[a] COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' Until the prisoner secures a COA, the Court of Appeals may not rule on the merits of his case." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal citation omitted) (quoting 28 U.S.C. § 2253(c)(2)).

The district court denied Gamboa a COA on the denial of his § 2254 petition. Foreseeing that a COA would be required to grant his request that we vacate this denial in order to deliver relief on his motion to substitute counsel, Gamboa asks in the alternative that we construe his September 12, 2016 Notice of Appeal as a request for a COA. Federal Rule of Appellate Procedure 22(b)(2) permits this. However, we decline to grant a COA because no reasonable jurist would find the district court's decision here

No. 16-70023

debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). As Gamboa concedes, the claims that attorney Ritenour raised in Gamboa's petition were generic, broadside constitutional challenges entirely foreclosed by precedent. He is correct that "none of the claims contained in appointed counsel's petition would qualify for a COA."

Instead, Gamboa argues that the district court's erroneous denial of his motion to substitute counsel had the consequence of depriving Gamboa of a meaningful opportunity to be heard on his petition in violation of due process. While it is true that there is a due process right to counsel of one's choice, *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147–48 (2006), and this is at least partly rooted in the fundamental right to be heard, *Gandy v. Alabama*, 569 F.2d 1318, 1320 (5th Cir. 1978) (citing *Powell v. Alabama*, 287 U.S. 45, 68–69 (1932)), this constitutional right typically does not extend to situations in which counsel is court-appointed, *Gonzalez-Lopez*, 548 U.S. at 151; *cf. Carlson v. Jess*, 526 F.3d 1018, 1025 (7th Cir. 2008) ("[M]otions for substitution of *retained* counsel and for a continuance can implicate both the Sixth Amendment right to counsel of choice and the Fourteenth Amendment right to due process of law.") (emphasis added); *see also Christeson v. Roper*, 574 U.S. 373, 377 (2015) ("Congress has not, however, conferred capital habeas petitioners with the right to counsel of their choice."). Here, Gamboa's motion requested that the district court appoint new counsel, putting the motion beyond the apparent bounds of this particular aspect of due process as recognized thus far in caselaw. Section 2253(c) requires a "substantial showing of the denial of a constitutional right." When there is doubt as to the existence of the constitutional right asserted, we cannot say a substantial showing of its denial has been made. *Thacker v. Dretke*, 396 F.3d 607, 617–18 (5th Cir. 2005). Accordingly, we find Gamboa has not carried his burden to warrant issuing a COA for his appeal of the denial of his motion to substitute counsel.

No. 16-70023

## III.

For these reasons, Gamboa's appeal of the denial of his motion to substitute counsel is DISMISSED as moot.