No. 16-70023

In the
# United States Court of Appeals for the Fifth Circuit

JOSEPH GAMBOA,
                             *Petitioner–Appellant,*

v.

BOBBY LUMPKIN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,
                             *Respondent–Appellee.*

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

**RESPONDENT–APPELLEE'S OPPOSITION TO PETITIONER-APPELLANT'S MOTION TO STAY MANDATE**

This is a federal habeas corpus appeal brought by Petitioner-Appellant Joseph Gamboa, a Texas death row inmate. In 2019, this Court denied Gamboa a certificate of appealability (COA) on the district court's denial of Gamboa's motion to reopen judgment under Federal Rule of Civil Procedure 60(b). *Gamboa v. Davis*, 782 F. App'x 297 (5th Cir. Aug. 1, 2019). Gamboa also appealed the district court's denial of his motion to substitute counsel, and, on March 16, 2023, this Court dismissed that appeal as moot. *Gamboa v. Lumpkin*, No. 16-70023, 2023 WL 2536345 (5th Cir. Mar. 16, 2023). Gamboa filed a motion for rehearing en banc,

1

which this Court denied. *See* Order Denying Petition for Rehearing En Banc, *Gamboa v. Lumpkin*, No. 16-70023 (5th Cir. Apr. 25, 2023).

On May 2, 2023, Gamboa moved to stay the mandate of the Court under Federal Rule of Appellate Procedure 41(d)(2), pending filing and review of a petition for certiorari in the United States Supreme Court. "A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court" and the motion "must show that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(2). This Court should deny the motion, as Gamboa fails both prongs.

In order to raise a substantial question, Gamboa must establish "a reasonable probability that four members of the [Supreme] Court would consider the underlying issue sufficiently meritorious for the grant of certiorari" and "a significant possibility of reversal of [this C]ourt's decision." *Baldwin v. Maggio,* 715 F.2d 152, 153 (5th Cir. 1983) (citing *Barefoot v. Estelle,* 463 U.S. 880, 895 (1983)). Both reasonable probability and significant possibility are lacking here. This Court's precedent that attorney abandonment alleged in a Rule 60(b) motion constitutes an unauthorized successive petition aligns with the Supreme Court's opinion in *Gonzalez v. Crosby. Compare Gamboa*, 782 F. App'x at 300–01, *with Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005) ("We note that an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings,

2

but in effect asks for a second chance to have the merits determined favorably."). And this Court's adherence to the jurisdictional limits that 28 U.S.C. § 2253 places on its ability to vacate judgment denying a petitioner's claims is also unlikely to receive review, much less reversal. *See Gamboa*, 2023 WL 2536345, at *3–4.

Gamboa also fails to meet his burden of showing good cause. To meet that burden, a petitioner must show "a likelihood of irreparable injury absent a stay." *Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007); *accord Baldwin*, 715 F.2d at 153. Gamboa has not even tried to explain what irreparable injury might result if mandate is not stayed in this case. Indeed, he cannot. Mandate issuing will not deprive him of the ability to timely file his petition for certiorari, nor will it have any effect on the execution of his sentence.

## CONCLUSION

For these reasons, Gamboa's motion to stay mandate should be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General

3

<div style="display: flex;">

*\* Counsel of Record*

for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Ali M. Nasser
ALI M. NASSER*
Assistant Attorney General
State Bar No. 24098169

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-2134
(512) 936-1280 (Facsimile)
Ali.Nasser@oag.texas.gov

*Counsel for Respondent–Appellee*

</div>

# CERTIFICATE OF SERVICE

I do hereby certify that on May 8, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the electronic case-filing (ECF) system of the Court. The ECF system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means: Stephen Ferrell and Susanne Bales.

                 s/ Ali M. Nasser
                 ALI M. NASSER
                 Assistant Attorney General

# CERTIFICATE OF COMPLIANCE

The response complies with Federal Rules of Appellate Procedure 27(d)(1), 27(d)(2), 32(a)(5), and 32(a)(6), in that it contains 527 words, Microsoft Word 2016, Century Schoolbook, 14 point font.

                 s/ Ali M. Nasser
                 ALI M. NASSER
                 Assistant Attorney General

# ELECTRONIC CASE FILING CERTIFICATIONS

I do hereby certify that: (1) all required privacy redactions have been made; (2) this electronic submission is an exact copy of the paper document; and (3) this document has been scanned using the most recent version of a commercial virus scanning program and is free of viruses.

                 s/ Ali M. Nasser
                 ALI M. NASSER
                 Assistant Attorney General